**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                                     PLAINTIFF

v.                                              No. 4:04CR00291-01 JLH

BOBBY GLENN BANKS                                                                                           DEFENDANT

**OPINION AND ORDER**

Bobby Banks was convicted of conspiring to distribute more than 5 kilograms of cocaine and 50 grams of cocaine base in violation of 21 U.S.C. § 846, using a communications facility in committing a federal offense in violation of 21 U.S.C. § 843(b), aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2, distribution of cocaine base in violation of 21 U.S.C. § 841(a), and endeavoring to intimidate an officer of the United States in violation of 18 U.S.C. § 1503(a).  He was sentenced to 55 years imprisonment.  His conviction and his sentence were affirmed on appeal.  *United States v. Banks*, 494 F.3d 681 (8th Cir. 2007).

Banks has now filed a petition requesting that this Court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c).  After Banks was sentenced, the United States Sentencing Commission revised the drug quantity table at U.S.S.G. § 2D1.1(c) and reduced by two levels the base offense level applicable to most crack cocaine offenses.  The Sentencing Commission also made this reduction apply retroactively to incarcerated inmates.[1]

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[2]

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making amendment 706 retroactive, effective March 3, 2008).

[2] *See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Intended Guideline Range (Policy Statement) (March 3, 2008).

Only those persons currently serving a sentence determined or effected by a sentencing range calculated using the drug quantity table, U.S.S.G. § 2D1.1, are potentially eligible. Even then, there are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be equal to the original guideline range. In such cases, the defendant's guideline range is not lowered as a result of the retroactive amendment, and there is no basis for the court to consider whether to exercise its discretion to grant a sentence reduction. U.S.S.G. § 1B1.10(a)(1).

The presentence report shows that Banks had an offense level of 46 and a criminal history category of III. The sentencing table provides offense levels only through 43. The application notes to the sentencing table state that an offense level of more than 43 is to be treated as an offense level of 43. The sentencing table recommends a sentence of life imprisonment for an offense level of 43. Assuming, *arguendo*, that the sentencing guideline range for Banks would be reduced by two levels pursuant to Amendment 706 and Amendment 711, his offense level then would be 44, rather than 46. Because that level still would exceed 43, and because an offense level of more than 43 is to be treated as an offense level of 43, he would still have a guideline sentencing level of 43, which would mean that the guidelines still would recommend a sentence of life imprisonment.

Because the reduction of the reduced crack cocaine sentencing guideline range would not reduce Banks's sentence, he is not entitled to relief. *United States v. Tolliver*, 570 F.3d 1062, 1066-67 (8th Cir. 2009). Even assuming Banks was given the maximum benefit of a two point reduction to his offense level, his offense level still would be 44, and the recommended guideline sentence would be the same—life imprisonment.

The reduction in the sentencing guideline range for crack cocaine cases has no effect on the guideline range for Banks's sentence, so his motion is denied. Document #809.

IT IS SO ORDERED this 21st day of September, 2009.

                                                    J. LEON HOLMES  
                                                    UNITED STATES DISTRICT JUDGE