**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.                                      4:04CR00291-01 JLH

BOBBY GLENN BANKS

**ORDER**

Bobby Banks has filed a Motion to Modify Sentence Under 18 U.S.C. § 3582, based on the retroactive application of the United States Sentencing Commission's crack cocaine penalty guideline reduction.

At his original sentencing, Banks's base offense level was 38 and his criminal history category was III. With a 2-point enhancement for obstruction, a 4-point enhancement for being a leader, and a 2-point enhancement for having a gun, Banks's guideline range was life. He was sentenced to a "non-guideline sentence"[1] of 660 months in prison. Doc. No. 613. On September 21, 2009, Banks's request for a sentence reduction under Amendment 706 was denied because his guideline range did not change. Doc. No. 812.

Section 1B1.10(a)(2) of the guidelines states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B) (2011).

---

[1] Judge Howard stated, "I'm going to vary from the guideline range . . . . I'm going to impose a non-guideline sentence." Arguably, Banks would not be entitled to a sentence reduction because he received a non-guideline sentence, but that issue need not be addressed here. Doc. No. 654.

Calculating Banks's base offense level requires determining the amount of drugs for which he is accountable. On direct appeal, the Court of Appeals for the Eighth Circuit noted that:

> At sentencing, the government summarized the testimony of various witnesses as it pertained to drug quantity, concluding that if the amounts to which the witnesses testified were added together, the total quantity would be about 2.8 kilograms of cocaine base – well above the 1.5 kilograms that the government sought to attribute to Banks.

*United States v. Banks*, 494 F.3d 681, 687 (8th Cir. 2007). At the time of Banks's sentencing, 1.5 kilograms or more of crack resulted in a base offense level of 38, the highest under the Drug Quantity Table, so the "total quantity [of] about 2.8 kilograms" did not need to be exact because it was more than 1.5 kilograms. However, under the latest Guidelines, 840 grams to 2.8 kilograms of crack results in a base offense level of 34, and at least 2.8 KG but less than 8.4 KG of crack results in a base offense level of 36. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c).

The evidence at trial demonstrated that Banks was responsible for more than 2.8 kilograms of crack but less than 8.4 kilograms.[2] Accordingly, Banks's base offense level is a 36, and with the enhancements, his total offense level is 44. With a total offense level of 44 and a criminal history category III, Banks's guideline range remains life. Because Banks's guideline range did not change as a result of Amendment 750, he is not entitled to a sentence reduction.

Banks's Motion to Modify Sentence Under 18 U.S.C. § 3582 is DENIED. Doc. No. 966.

IT IS SO ORDERED this 4th day of April, 2012.

/s/ J. Leon Holmes
_____
UNITED STATES DISTRICT JUDGE

---

[2] The conclusion that Banks is responsible for more than 2.8 kilograms of crack is based on adding the amounts of crack cocaine that various witnesses testified was involved in transactions with Banks. It does not consider the powder cocaine attributed to Banks.